UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ATX DEBT FUND 1, LLC and § <br> KARLIN RIVER PLACE, LLC § <br> § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> ZURICH AMERICAN INSURANCE § <br> COMPANY, § <br> § <br>     Defendant. § | Case No. 1:22-cv-00953-LY |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs ATX Debt Fund 1, LLC ("ATX") and Karlin River Place, LLC ("Karlin") file this Amended Complaint against Zurich American Insurance Company ("Zurich") and for cause of action shows as follows:

### I.    NATURE OF THE CASE

1. As the mortgagee that foreclosed on the property at issue, ATX, together with Karlin, the current title owner, request this Court declare that Plaintiffs are entitled to payment for remediation work estimated at $1.5 million and restoration work estimated at $14 million. Prior to filing this suit, Zurich has refused to confirm nor deny that ATX is entitled to any payment as Loss Payee/Mortgagee under the Policy. In addition, Zurich's delay in acknowledging that coverage exists and lack of communication with Plaintiffs

constitute unfair settlement practices in violation of its duty of good faith and fair dealing and the Texas Insurance Code.

## II.   PARTIES

A.   Plaintiffs

2.   Plaintiff ATX Debt Fund 1, LLC is a Delaware limited liability company with its principal place of business in Los Angeles County, California.

3.   Plaintiff Karlin River Place, LLC is a Delaware limited liability company with its principal place of business in Los Angeles County, California.

B.   Defendant

4.   Defendant Zurich American Insurance Company is a New York insurance company with its principal place of business in Schaumburg, Illinois.  Defendant is authorized to conduct insurance business in the State of Texas and has designated Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin Texas 78701 as its registered agent.

## III.   JURISDICTION AND VENUE

5.   This Court has personal jurisdiction over Defendant because it has engaged in continuous and systematic activities within the State of Texas and is doing insurance business in the state sufficient to establish personal jurisdiction.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the value of the object of this litigation—coverage under the Policy—exceeds $75,000, and the dispute is between citizens of different States.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and because a substantial part of the events giving rise to the claims occurred in this district.

## IV.   FACTS

7. On or about February 17, 2021 Winter Storm Uri brought freezing temperatures and power outages across Texas. In particular, the storm caused pipes to freeze and burst resulting in extensive physical damage to nine office buildings on the former 3M campus in Northwest Austin (the "Property"). On February 24, 2021, the then property owner, Silicon Hills Campus LLC ("Silicon Hills"), reported a claim to Zurich (the "Claim") for the damage. Zurich acknowledged receipt of the Claim on Policy No. ERP 0470063, effective 08/31/20 – 08/31/21 (the "Policy") by letter dated April 13, 2021.

8. The Policy specifically provides coverage for all risks of direct physical loss of or damage from any cause unless excluded. Damages caused by the winter storm are not excluded. To the extent a lack of incoming electricity contributed to the loss, the Policy's exclusion for a lack of services does not apply when a lack of services results in a covered cause of loss. Water damage caused by burst pipes is a covered cause of loss. Thus, the significant property damage caused by the winter storm is a covered loss under the Policy.

9. Silicon Hills promptly retained Blackmon Mooring of Austin ("BMA") to begin the significant remediation work. Zurich and its consultant, Meridian Restoration Consultants, LLC ("Meridian"), monitored, audited and approved the work for payment.

On June 7, 2021 Meridian, on Zurich's behalf, authorized a direct payment of $6,565,592.24 for the remediation work performed by BMA. Just prior to issuing this payment to BMA, however, Zurich abruptly changed its position to pay on the Claim and instructed that no payment would be issued to BMA.

10. In the interim, Silicon Hills defaulted on its loan obtained to purchase the Property and the loan holder, ATX, acquired the property at foreclosure sale on June 1, 2021. Pursuant to a Substitute Trustee's Deed dated June 2, 2021, ATX acquired ownership of the Property and all of Silicon Hills' rights under the Policy. On or about July 1, 2021, ATX transferred to its affiliate, Karlin, ownership of the Property and all of ATX and Silicon Hills' rights under the Policy. The foreclosure sale purchase price of $53,000,000 left a deficiency in excess of $27,500,000. Zurich continued to press for information from Silicon Hills, claiming it was needed to determine the extent of coverage for the Claim. Silicon Hills did not respond, and Zurich ultimately denied the Claim citing Silicon Hills' failure to cooperate.

11. Even before the foreclosure sale, however, ATX was known to Zurich as a Loss Payee and Mortgagee on the Policy. ATX acquired the loan and all of the previous loan holder's rights and interests as Loss Payee and Mortgagee. The Policy requires payment to ATX as Loss Payee for any covered loss to the Property, and provides that ATX's interest "will not be invalidated by any act or neglect of any Insured, commencement of foreclosure . . . [or] change in the title or ownership of the property." Thus, ATX is entitled to payment even if Zurich denies the Claim due to Silicon Hills'

failure to cooperate. Despite the clarity of Texas law on this issue, Zurich refuses to pay ATX and/or Karlin on the Claim.

12. Zurich's abrupt refusal to issue the payment to BMA caused all remediation work to stop, delayed the completion of the remediation and resulted in additional deterioration and damage to the Property. In addition to the remediation work already performed by BMA, Plaintiffs estimate an additional $1.5 million in remediation work is needed. In addition, Zurich's construction consultant, JS Held, estimated an additional $14 million of additional reconstruction costs would be necessary to return the Property to its previous condition. This work has begun, but due to the delay, these costs may now be greater.

13. Repeated demands have been made by ATX for payment on the Claim. Zurich has not responded. Instead, in March 2022, Zurich denied Silicon Hills' claim to insurance proceeds for its failure to cooperate and then failed to inform ATX and/or Karlin of this denial. ATX only learned of it in May, 2022 after its counsel contacted Zurich to inquire on the status of the claim. Prior to filing suit, Zurich has refused to provide ATX and/or Karlin a copy of the letter to Silicon Hills denying coverage.

## Justiciable Controversies

14. There are justiciable controversies between the parties regarding coverage and Plaintiffs' rights under the Policy, which Plaintiffs seek to resolve through this suit for declaratory judgment.

## V.     CAUSES OF ACTION

A.     <u>Declaratory Judgment</u>

15.    The foregoing paragraphs are fully incorporated herein.

16.    As described above, freezing temperatures from a winter ice storm caused the pipes to freeze and then burst causing significant damage to nine buildings on the Property.  The Policy specifically provides coverage for all risks of direct physical loss of or damage from any cause unless excluded and no exclusions apply to physical damage from a winter storm, or water damage resulting from burst pipes.  Plaintiffs thus seek a declaratory judgment that the Claim is covered under the Policy.

17.    In addition, as a Loss Payee under the Policy, Zurich is obligated to pay ATX for the covered loss, which cannot be invalidated by any act or neglect of Silicon Hills as the insured, nor foreclosure or change in ownership of the property.  The Court should therefore enter a declaratory judgment that ATX is entitled to payment as a Loss Payee.

18.    In addition, pursuant to Tex. Civ. Prac. & Rem. Code § 37.009, Plaintiffs seek their costs and reasonable and necessary attorneys' fees as are equitable and just.

B.     <u>Breach of Contract</u>

19.    The foregoing paragraphs are fully incorporated herein.

20.    As Loss Payee under the Policy, Zurich is contractually obligated to pay ATX for covered claims.  Zurich breached the contract by failing to pay, proximately causing damages to ATX and/or Karlin in an amount to be determined at trial.

21. All conditions precedent to BMA's recovery against Zurich have been performed, have occurred, or have been waived.

22. In addition, Plaintiffs seek recovery of their costs and reasonable attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(b).

C. Breach of Good Faith and Fair Dealing

23. Texas law requires an insurer to deal fairly and in good faith in the processing of claims. Here, Zurich has no reasonable basis to deny or delay payment on the Claim to ATX. Zurich has known of ATX's position as a Loss Payee prior to Silicon Hills defaulting on the loan. ATX's rights to payment as Loss Payee have not changed. Zurich's almost year and half delay in paying ATX without explanation demonstrates bad faith.

24. In addition, Zurich has failed to deal fairly with ATX and/or Karlin by refusing to share the denial letter issued to Silicon Hills until ATX filed suit.

25. By its conduct alleged herein, Zurich breached the implied covenant of good faith and fair dealing. This breach proximately caused damages to Plaintiffs, which they hereby seek to recover.

D. Texas Insurance Code: Unfair Settlement Practices

26. The foregoing paragraphs are fully incorporated herein.

27. Zurich has engaged in unfair settlement practices by (a) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy; (b) not attempting in good faith to effect a prompt, fair, and equitable settlement of the Claim once liability had become reasonably clear; (c) failing

within a reasonable time to affirm or deny coverage of the Claim; and (d) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder. *See* TEX. INS. CODE § 541.060(a)(2)(A); 542.003(b)(2) – (b)(5).

28. Zurich's conduct has caused Plaintiffs damages for the delay in remediation work and additional deterioration of the Property, for which Plaintiffs seek to recover.

29. Zurich knowingly committed these unfair settlement practices causing Plaintiffs substantial damages.

30. In addition, pursuant to Tex. Ins. Code § 541.152, Plaintiffs seek their court costs and necessary attorneys' fees.

## VI.  JURY DEMAND

31. Plaintiffs hereby demand a jury trial.

## VII.  REQUEST FOR RELIEF

Plaintiffs ATX Debt Fund 1, LLC and Karlin River Place, LLC pray that upon final trial the Court grant the declaratory judgment requested herein, award Plaintiffs their damages and attorneys' fees and grant Plaintiffs such other and further relief, both at law and in equity to which they may be justly entitled.

                Respectfully submitted,

                SCOTT DOUGLASS & McCONNICO LLP
                303 Colorado, Suite 2400
                Austin, Texas  78701-2589
                512-495-6300
                512-495-6399 Fax

                By:    */s/ Casey Dobson*
                         Casey Dobson
                         State Bar No. 05927600
                         Cynthia L. Saiter
                         State Bar No. 00797367
                         Rachel Stephenson
                         State Bar No. 24131691

                ***Attorneys for Plaintiffs ATX Debt Fund 1, LLC and Karlin River Place, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that, on June 12, 2023, a true and correct copy of the foregoing was served to all counsel of record as indicated below.

    Eric K. Bowers
    ebowers@zellelaw.com
    M. Paige Tackett
    ptackett@zellelaw.com
    Zelle LLP
    901 Main Street, Suite 4000
    Dallas, Texas  75202-3975

                                */s/ Cynthia L. Saiter*
                                Cynthia L. Saiter

4856-2030-0134